UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

**LYNDA ALICE RAMBO**,

        Plaintiff,

v.

**GOVERNOR RICK PERRY, LT. GOVERNOR DAVID DEWHURST, TEXAS DEPT. OF PUBLIC SAFETY, SECRETARY OF STATE NANDITA BERRY, SUPERVISOR OF ELECTIONS BAXER COUNTY JACQUELYN F. CALLANEN, SUPERVISOR OF ELECTIONS TRAVIS COUNTY DANA DEBEAUVIOR,**

        Defendants.

Civil Case No. 3:14-CV-00758-KI

OPINION AND ORDER

KING, Judge:

        Lynda Alice Rambo has filed *pro se* an Application to Proceed In Forma Pauperis [1], a Motion for Appointment of Counsel [3], a Motion for an Order to allow her to sue State of Texas

Page 1 - OPINION AND ORDER

officials in the State of Oregon [4], and a Complaint against the Texas Department of Public Safety, Governor Rick Perry, Lieutenant Governor David Dewhurst, Secretary of State Nandita Berry and the Supervisors of Elections in Baxer and Travis Counties.  For the following reasons, I dismiss the case for improper venue.

## ALLEGATIONS

Rambo alleges, in pertinent part, that the Texas Department of Public Safety issued her a temporary driver's license on June 4, 2012, which was valid until July 19, 2012.  Several days later Rambo left Texas (San Antonio in Baxer County, specifically) for the summer, intending to return by the fall.  She arrived in Portland, Oregon on June 29, 2012.  Throughout July, Rambo e-mailed Lieutenant Governor Dewhurst and the Texas Department of Public Safety from Oregon about extending her temporary driver's license, but neither responded to her.  She filed suit in this court on July 13, 2012 seeking an order directing Texas to establish a toll-free number to call about the status of a license, seeking to have her temporary permit extended, and seeking a written letter of apology from each of the defendants.  I dismissed her complaint without prejudice less than a month later on the basis that I had no authority to issue a writ of mandamus commanding action by a state or its agencies.

After I dismissed her first lawsuit, Rambo allegedly successfully contacted Governor Perry's office, whose assistant told Rambo she would send a license to Rambo.  However, Julie Arldt at the Department of Public Safety purportedly refused to send Rambo her license because she did not believe Rambo was a resident of Texas.

Rambo returned to Texas on or around September 14, 2012.  When Rambo visited Lt. Governor Dewhurst's office, she was shepherded out by police.  Rambo went to Travis County to

register to vote, but was referred to a homeless shelter to establish residency. The homeless shelter, however, required Rambo to be a client for 30 days before it would confirm she resided at the shelter. By this time, Rambo had only 11 days to register to vote.

Rambo considered driving to San Antonio to vote, but learned her registration had been blocked because she needed to update her information. She never told Baxer County elections she had moved and does not know who did.

On September 21, 2012, Rambo went to the Texas DMV and obtained a replacement license.

Rambo cast a provisional ballot in Travis County on election day, but received a letter later informing her the vote was not counted because there was "[n]o record of voter registration application on file in this county."

Rambo seeks $100,000,000 from the defendants.

## DISCUSSION

When a plaintiff is granted leave to proceed in forma pauperis, the court "shall dismiss the case at any time" if the court determines that the action is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Additionally, a district court may dismiss a complaint *sua sponte* for improper venue. Costlow v. Weeks, 790 F.2d 1486, 1487-88 (9th Cir. 1986). Under the general venue statute, venue is proper: (1) in a "judicial district in which [the defendant] resides"; (2) in a "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated"; or (3) otherwise, "if

Page 3 - OPINION AND ORDER

there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

I gave Rambo notice that I was concerned about venue and directed her to explain in writing why venue is proper in the District of Oregon. I noted all of the defendants are individuals who reside and work in the State of Texas and all of the events giving rise to Rambo's claims occurred in Texas. Here, Rambo's allegations involve actions taken in Texas by Texan residents, and she requests damages from Texan officials to remedy an alleged violation of her right to vote in Texas. Accordingly, venue is not proper here in the District of Oregon.

Rambo submitted a letter explaining if she had not come to Oregon, Texas officials would not have denied her the right to vote. She explains she will not be able to file suit in Texas as she does not have the financial ability to do so. Neither of these reasons are sufficient to keep the case in this district. The statute requires suit be brought either where the defendant resides or where the events or omissions giving rise to the claim arose; in either event, the case should be brought in Texas. As for Rambo's financial situation, she can prosecute her case by mail should she choose to file her complaint in a Texas federal court. See www.txwd.uscourts.gov/ProSe/default.asp (U.S. District Court for District of Texas, Western Division, Pro Se Manual permitting the "complaint and other pleadings related to your suit [to be] delivered or mailed to the Clerk's Office in the appropriate division at the addresses available at the Clerk's Office"). Pursuant to 28 U.S.C. §1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district *shall* dismiss" or transfer the case.

(Emphasis added). The case is dismissed without prejudice to allow Rambo to file in the appropriate district.

## CONCLUSION

For the foregoing reasons, the complaint is dismissed without prejudice. All pending motions are denied as moot.

IT IS SO ORDERED.

DATED this   18th   day of August, 2014.

        /s/ Garr M. King
Garr M. King
United States District Judge

Page 5 - OPINION AND ORDER